IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,

        Plaintiff,               No. 2:08cv2124 JAM JFM PS

    vs.

FOLSOM CHEVROLET,            ORDER AND

        Defendant.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a). However, the court is unable to determine whether plaintiff is entitled to proceed in forma pauperis. Although plaintiff states she is presently unemployed, she has received $79,855.00 from various sources in the last 12 months. Plaintiff's request to proceed in forma pauperis status will be denied.

Jurisdiction

        It appears that the court does not have subject matter jurisdiction over plaintiff's claims set forth in the complaint. The sole allegation in plaintiff's complaint is:

/////

1

1      I purchased [two] side mirrors for my truck.  I have a Chevy S-10
2  through Folsom Chevrolet.  And, on July 29, 2008 Patricia
McGinely gave Folsom Chevrolet $5000.00 for parts for my truck
through a service center in Laguna, Elk Grove.  He said two out of
3  three checks I wrote didn't go through.

4  (Complt. at 3.)

5      In the instant case, plaintiff has failed to establish this court's jurisdiction over this

6  action.  Fed. R. Civ. P. 12(h)(3).  Plaintiff bears the burden of establishing jurisdiction.  See, e.g.,

7  Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub.

8  Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).

9      A federal court is a court of limited jurisdiction and may adjudicate only those

10  cases authorized by the Constitution and by Congress.  Kokkonen v. Guardian Life Ins. Co., 511

11  U.S. 375, 377, 114 S.Ct. 1673 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331

12  & 1332, confer "federal question" and "diversity" jurisdiction, respectively.

13      Here, the only indication of jurisdiction is the civil cover sheet on which plaintiff

14  erroneously marked she is a "U.S. Government Plaintiff" and that she is pursuing a personal

15  property tort.  (Complt. at 4.)  No federal question is involved in the property dispute alleged in

16  the complaint.  28 U.S.C. § 1331.  Plaintiff may not proceed under diversity jurisdiction unless

17  plaintiff and defendant are residents of different states and the amount in controversy exceeds

18  $75,000.00.  28 U.S.C. § 1332.

19      It appears that plaintiff does not meet either requirement of diversity jurisdiction.[1]

20  Because this court lacks subject matter jurisdiction over plaintiff's complaint, the court will

21  recommend the action be dismissed.  Fed. R. Civ. P. 12(h)(3).

22      Accordingly, IT IS HEREBY ORDERED that plaintiff's September 10, 2008

23  motion to proceed in forma pauperis [docket no. 2] is denied; and

24  ////

---

[1] Plaintiff may wish to consider seeking resolution of her claim in small claims court, Cal. Civ. Proc. § 116.210.

1    IT IS HEREBY RECOMMENDED that this action be dismissed for lack of
subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; alfaro.56